BLAINE McGEE, Respondent, v. ST. JOSEPH RAILWAY, LIGHT, HEAT and POWER COMPANY, Appellant.

Kansas City Court of Appeals, January 16, 1911.

1. **APPELLATE PRACTICE: Instructions: Too Numerous.** Where the instructions offered by the defendant are too numerous for the purposes of the issues involved, such practice is calculated to confuse both the court and the jury, and thereby engender error. Hence, where the cause will have to be reversed in any event, the appellate court will not discuss those instructions offered by the defendant and refused by the trial court.

2. ———: **Evidence: Credibility of Witness.** In an action for damages for personal injuries caused by the alleged negligence of the defendant street car company, the appellate court will not pass upon the credibility of plaintiff's testimony where nothing is urged or can be urged to support the supposition that plaintiff could not have been injured in the manner that he claimed that he was, but that he lied about the facts.

3. **CARRIERS OF PASSENGERS: Instructions: Humanitarian Doctrine.** In an action for damages for personal injuries sustained by the negligence of defendant's motorman in running

down plaintiff who was diagonally crossing the street car tracks with his back to defendant's car, the recitation in the instruction given at plaintiff's request that defendant was liable if his motorman could have seen by keeping a vigilant outlook that plaintiff was approaching defendant's track, in time to have stopped the car, and negligently failed to do so, was a glaring misdirection to the jury, and serious error.

4. ———: **Contributory Negligence: Crossing Tracks.** A person who undertakes to cross the track of a street railroad, when an approaching car can be seen, by attempting to cross in front of a car, is guilty of contributory negligence.

5. ———: **Humanitarian Doctrine: Crossing Tracks.** In the absence of something in the conduct of a person who is guilty of contributory negligence in crossing a street car track, which indicates that he is unmindful of his surroundings, or regardless of· them in intending to cross in front of a car, the motorman has the right to presume that he will stop without the danger line, and, if acting on that presumption, the motorman does not discover his peril until it is too late to stop the car, the company will not be liable for plaintiff's consequent injuries.

6. **INSTRUCTIONS: Curing Error.** While in another instruction, also given at plaintiff's request, the court declared the law correctly, this did not cure the error in giving the first instruction which contained a glaring misdirection, because the two instructions left it to the jury to say what was, and what was not, the law of the case.

7. **CARRIERS OF PASSENGERS: Humanitarian Doctrine.** Where the act of plaintiff, in going upon defendant's tracks without keeping a vigilant lookout for an approaching car from the rear, was such an act of contributory negligence as to preclude plaintiff's right to recover, unless his situation of peril was or could have been discovered in time for the motorman to have avoided striking him by the exercise of reasonable diligence, this is a case for the application of the humanitarian doctrine.

Appeal from Buchanan Circuit Court.—*Hon. C. A. Mosman*, Judge.

REVERSED AND REMANDED.

*R. A. Brown* for appellant.

Under the law and evidence plaintiff was not entitled to a verdict, and the demurrer offered by the defendant at the close of plaintiff's case, and again at the close of defendant's case, should have been given. Horn-

stein v. United Railways, 195 Mo. 440; Deane v. Transit Company, 192 Mo. 584; Brockschmidt v. Railroad, 205 Mo. 446; Moore v. Railroad, 176 Mo. 528; Cole v. Railroad, 121 Mo. 613; Hebler v. Railroad, 132 Mo. App. 554; Gabriel v. Railroad, 130 Mo. App. 636.

*Charles C. Crow* and *John S. Boyer* for respondent.

The court did not err in submitting the case to the jury. The evidence clearly made a case for the judgment of the jury and the demurrer was properly overruled. Waddell v. Railroad, 213 Mo. 8; Murphy v. Railroad, 138 Mo. App. 436; Zander v. Railroad, 206 Mo. 464; Cytron v. Transit Co., 205 Mo. 692.

BROADDUS, P. J.—The plaintiff's suit is to recover damages he sustained for an injury he received by reason of the alleged negligence of defendant.

The defendant is a corporation engaged among other things in operating street cars in the city of St. Joseph. On the 10th day of January, 1909, in the nightime, plaintiff who was an employee of a steam railroad company, took passage on one of defendant's cars, being operated on Ninth street. The defendant has two tracks on this street which runs north and south. His destination was south to where the street intersects with Lafayette street. After the car had crossed the latter street and while it had just stopped or was slowing down to stop he got off. Thus far there is no particular dispute as to the testimony, but as to what occurred afterwards the evidence is very conflicting.

As the plaintiff's right to recover depends almost entirely upon the facts that he testified to; we state them to be as follows: He was asked how long it was after he got off the car until he was injured. His answer was: "Well, just a few moments. About two or three minutes, I suppose." His description of how he became injured is as follows: "I got off on the south side of Lafayette street, and my home is on the north

side of Lafayette street, and I started diagonally across the street, across Ninth and Lafayette street and I walked about—as near as I can estimate the distance, thirty-five—between thirty-five and fifty feet, and when I was in the middle of the east track—the cars run north on there—and I was in the middle of the street I heard the buzz or sound of a car, and I turned my head and then as I turned around the car was on me, and I became unconscious; that is all I can remember until I came to in the hospital."

He stated that no bell was rung or gong sounded by the car that struck him, and no warning of any kind given of its approach; that the car he alighted from proceeded on its way south, and that when he started across the tracks he looked down the track and around to see if anything was in his way, but that he did not look particularly to see a car, but to see if anything was going to run over him. He stated that it was a habit of railroad men to keep a lookout. It was shown that the motorman could have seen the plaintiff on the track for a distance of two blocks away. The rate of speed the car was going at the time was shown to be twelve or fifteen miles an hour. The ordinance of the city regulating the duties of a motorman and the rate of speed of the cars was in evidence. The ordinance makes it the duty of the person or corporation to cause the gong on its cars to be sounded in quick succession on approaching any team, carriage or person, and upon approaching any street crossing within the city. The rate of speed within the city limits is not to exceed ten miles an hour.

The evidence of defendant tended to show that plaintiff alighted from the south-bound car near the north line of Lafayette street and while the car was in motion, that he pulled the collar of his coat up around his ears, and ran across the east track directly in front of defendant's north-bound car; that as soon as he came in sight the motorman called to him and did all in his

power to stop the car; and that the north-bound car was traveling at a rate of speed not exceeding five or six miles an hour, and the gong was sounded in quick succession as it approached and was passing the south-bound car.

The jury returned a verdict for plaintiff for the sum of $750 upon which judgment was rendered, and defendant appealed.

At the close of plaintiff's testimony and also at the close of all the testimony in the case the defendant asked the court to direct a verdict for the defendant, which the court refused.

The court among others gave the following instruction at the instance of plaintiff: "The court instructs the jury that if you believe from the evidence in this cause that defendant is the owner of street car tracks and street cars operated in the city of St. Joseph, Missouri, and especially a double track on Ninth street between Olive street and Penn street in said city of St. Joseph; and that defendant operated its cars on said street on January 10th, or early in the morning of the 11th of said month, and that one car was traveling south and another north, and that the plaintiff was a passenger on the car traveling south on said Ninth street, and when said car reached a point at or near the south line of Lafayette street, plaintiff left said car and started diagonally northeast across the street where Lafayette and Ninth street intersect; and you further believe from the evidence that there was a car traveling north on the east track of defendant company's railway, and that plaintiff did not see said car or know of the approach of same, and that plaintiff was walking northeast on or approaching said east track with his back to said north-bound car and was not aware of the danger of being struck by said car; and you further believe from the evidence that there was a motorman and conductor in charge of said north-bound car in the employ of defendant company, and that plaintiff while so

walking northeast was so far away from the north-bound car, that by keeping a viligant lookout for persons on or approaching the defendant company's track, the said motorman or employee of defendant company could have seen plaintiff walking northeast towards or on said railways track in time to have stopped the car by the exercise of ordinary care, and have thereby avoided injury to plaintiff, and negligently failed to do so, then your verdict in this cause must be for the plaintiff."

The defendant asked twenty-two instructions. As the cause will have to be reversed, as will be shown hereafter, we will say in the beginning that we will not discuss those offered by defendant and refused by the court, for the reason that they are too numerous for the purposes of the issues involved. The practice of submitting so many unnecessary instructions can serve no good purpose. On the contrary the tendency is bad, in that, they are calculated to confuse both the court and the jury and thereby engender error, which the appellate courts are asked to correct at the expense often of open-handed justice.

In the first place it is strenuously contended that the court committed error in not sustaining defendant's demurrer to the plaintiff's case. The argument to support this view is that, all the credible evidence goes to show the plaintiff was not injured as he testified he was, but that in fact he got off the south-bound car without looking for a car coming from the south, and immediately passed around its rear end and stepped in front of the one going in the opposite direction, and was thus struck and injured.

The premises upon which we are asked to support this view are based upon the proposition that it is the duty of this court to pass upon the credibility of plaintiff's evidence, that is to say, he did not testify to the truth. Nothing is urged or can be urged to support the supposition that he could not have been injured in the

manner he claimed that he was, but that he lied about it. It is too well settled law and repeated often and often by this and every other appellate court of this state that it is not within the province of the appellate courts to pass upon the credibility of a witness. The court under the testimony was bound to submit the case to the jury, but it had the right afterwards to set it aside for the reasons which appellant urges in this court.

Said instruction one, given at the instance of plaintiff, contains in our opinion a serious error. The recitation therein that the defendant was liable if its motorman could have seen by keeping a vigilant lookout that plaintiff was approaching defendant's track in time to have stopped the car and negligently failed to do so, was a glaring misdirection to the jury. The law is, that a person who undertakes to cross the track of a street railroad when an approaching car can be seen, by attempting to cross in front of the car is guilty of contributory negligence, and in the absence of something in the conduct of such person that indicates that he is unmindful of his surroundings, or regardless of them in intending to cross in front of the car, the motorman has the right to presume that he will stop without the danger line, and that if acting on that presumption the motorman does not discover his peril until it is too late to stop the car the company will not be liable for his consequent injuries. Reno v. Railway Co., 180 Mo. 470; Roenfeldt v. Railway, 180 Mo. 554; Keele v. Railway, 131 S. W. 730.] There are many cases of like import rendered by this court and the St. Louis Court of Appeals.

While in instruction two, given for the plaintiff, the court declares the law correctly, we do not think it cured the error. The jury were left to determine which should guide them in making a verdict. In other words the two instructions left it to the jury to say what was

and what was not the law of the case. The dilemma was almost if not as great as if the instructions had been contradictory or conflicting. It is therefore impossible to tell whether the jury took a correct view of law in their deliberations.

The appellant contends that under the evidence this is not a case for the application of the humanitarian doctrine. But we think it is, otherwise the plaintiff has no case, for his act in going upon the defendant's tracks without keeping a vigilant lookout for an approaching car from the rear was such an act of contributory negligence that precluded his right to recover, unless his situation of peril was or could have been discovered in time for the motorman to have avoided striking him by the exercise of reasonable diligence.

We have considered appellant's objection to said instruction numbered two, and to the authorities which our attention has been called to the question, but we find that the said instructions are strictly in accord with said authorities and are not justly subject to criticism.

The court gave four instructions for defendant which we believe fully covered the law of the case. Number one was a clear expression of the law and as such, was in conflict with number one to which we have called attention, and which of itself would be sufficient ground for a reversal of the cause. We refrain from comment on the others refused for the reason stated. The cause is reversed and remanded. All concur.